UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JACQUELINE FERNANDEZ, individually, and on
behalf of all others similarly situated,

                      Plaintiff,

              v.

KATIE MAY, LLC,

                      Defendant.
-----------------------------------------------------------------x

Case No. 1:24-cv-01592-VEC

**Defendant's Reply Brief on Motion to Dismiss**

      Defendant Katie May, LLC filed a motion to dismiss (Motion), ECF 19, the First Amended Complaint (FAC), ECF 16, supported by a declaration from Katie May's Chief Operating Officer, ECF 22 (Tucker Dec.). Plaintiff Jacqueline Fernandez opposed that motion (Opp.), ECF 21, together with her declaration, ECF 21-1 (Fernandez Dec.). Defendant submits this reply to that opposition. Each of the arrows in Defendant's Federal Rules quiver hits the bull's eye—this case should be dismissed under Fed. R. Civ. P. 12(b)(1), 12(b)(2), or 12(b)(6).

      **Standing.** Following *Calcano v. Swarovski N. Am. Ltd.,* 36 F.4th 68 (2d Cir. 2022), it should be evident that Plaintiff lacks standing today to bring this lawsuit. Although Plaintiff argues that she has standing, citing a number of cases that generally pre-date *Calcano*, involve different counsel, or assert different accessibility claims, she does not acknowledge, much less distinguish, the growing body of law following *Calcano* from *this* Court and others that *this* cookie-cutter complaint from *this* Plaintiff's counsel is woefully inadequate under *Calcano*. *See Zinnamon v. Satya Jewelry II, LLC*, 2023 WL 3511123 (S.D.N.Y. Apr. 23, 2023); *accord Velazquez v. Everlast Worldwide, Inc*. 2022 WL 16745767 (S.D.N.Y. Sept. 7, 2022); *Velazquez v. Nextphase, Inc.*, 2023 WL 4054522 (S.D.N.Y. July 5, 2023); *Velazquez v. Home Controls, Inc.*, 2023 WL 4622597

(S.D.N.Y. July 19, 2023); *Dawkins v. Schott NYC Corp.*, 2023 WL 8455896 (S.D.N.Y. Sept. 26, 2023); *Zinnamon v. Profound Color, LLC*, 2023 WL 6882415 (S.D.N.Y. Oct. 17, 2023) *cf. Dawkins v. Brandy Library Lounge, LLC*, 2023 WL 8455896 (S.D.N.Y. Dec. 6, 2023) (reopening jurisdictional discovery). Doubling down, Plaintiff defends "the boilerplate nature of the Complaint" as "a daily fact of life for most plaintiff firms[.]" Opp. 17. Whistling past the graveyard does not create standing.

For Rule 12(b)(1) motions like this one that are fact-based, when a defendant proffers evidence beyond the pleadings, "in opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant if the affidavits submitted on a 12(b)(1) motion reveal the existence of factual problems in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 56 (2d Cir. 2016) (cited in Opp. 3, 4). Thus, Plaintiff's reliance instead on facial Rule 12(b)(1) challenges is misplaced.

*First*, Plaintiff does not—and cannot—dispute that she must prove that she "suffered an injury in fact that is concrete, particularized, and actual or imminent." *Calcano*, 36 F.4th at 74 (quotation omitted). All of Plaintiff's authorities are easily distinguished. *See* Opp. 7–9 (citing *Feltenstein v. City of New Rochelle,* 254 F. Supp. 3d 647 (S.D.N.Y. 2017) (pre–*Calcano,* non-website); *Williams v. Rhea,* 2012 WL 2921211 (E.D.N.Y. July 17, 2012) (pre–*Calcano,* non-website); *Heckler v. Mathews,* 465 U.S. 728 (1984) (pre–*Calcano,* non-website); *Angeles v. Grace Prods. Inc.,* 2021 WL 4340427 (S.D.N.Y. Sep. 23, 2021) (pre–*Calcano*, facial 12(b)(1)); *Camacho v. Vanderbilt Univ.,* 2019 WL 6528974 (S.D.N.Y. Dec. 4, 2019) (pre–*Calcano*, facial 12(b)(1)); *Walters v. Fischer Skis U.S., LLC,* 2022 WL 3226352 (N.D.N.Y. Aug. 10, 2022) (facial 12(b)(1)); *Chalas v. Barlean's Organic Oils, LLC,* 2022 WL 17156838 (S.D.N.Y. Nov. 22, 2022) (facial 12(b)(1)); *Donet v. Isamax Snacks, Inc.*, 2023 WL 6065626 (S.D.N.Y. Aug. 14, 2023) (12(b)(6)); *Jaquez v. Dermpoint, Inc.*, 2021 WL 2012512 (S.D.N.Y. May 20, 2021) (12(b)(6)). Plaintiff's

remaining authority on the first requirement is this Court's decision in *Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76 (S.D.N.Y. 2022) (*Moo Organic Chocolates II*), in which this Court granted leave to file an amended complaint, but expressed skepticism over those allegations, and thus stayed the case to allow for jurisdictional discovery. That case certainly cannot support the weight Plaintiff places upon it to satisfy her first requirement.

Turning to Plaintiff's evidence to support her claim of imminent injury, the Court should conclude that she fails to clear the bar. *See generally* Fernandez Dec. Plaintiff does not aver in her declaration why she was determined to purchase the Katie May Ashun Dress in Black, as opposed to other similar dresses, and then purchase it only from the Katie May website (Website), as opposed to the numerous other brick-and-mortar and online retailers that do not have the alleged accessibility issues of the Website. *See* Tucker Dec. ¶¶ 5–6, 18–20, 34–36; *Martin v. Second Story Productions, Inc.*, 2024 WL 775140, *3 (S.D.N.Y. Feb 26, 2024) (plaintiff failed to search for comparable products elsewhere, or show why defendant's products and website are preferable). Like Sherlock Holmes' dog that failed to bark, it is also significant that Plaintiff did not aver that she might even fit into the only two dresses still available on the website, in XS or XL. *See* Tucker Dec. ¶ 33. Combined with Plaintiff's assertion that she wanted "hoop earrings" from another defendant sued the same day, which featured instead on its website septum rings, nipple rings, ear plugs, and tongue rings, *see* Opp. 9–10; Motion 9–10, when Google says there are *53.9 million* results for "hoop earrings," strongly suggests that Plaintiff is more interested in litigation than fashion.

*Second*, concerning the on-going alleged inaccessibility of the website, Plaintiff significantly cuts back on the issues she claims to be having on the Website. *See* Fernandez Dec. ¶¶ 13–14. Plaintiff does not contest that the Court can and should rely on the Website itself instead of Plaintiff's characterization of the Website. *See* Motion 6–7 (collecting cases). As noted

3

previously, the Website is accessible today. *See* Tucker Dec. ¶¶ 33, 37. In measuring Plaintiff's rhetoric against the actual Website, as this Court noted in another context, "the Court also is not required to ignore reality." *Moo Organic Chocolates II*, 641 F. Supp. 3d at 82 n.6 (citation omitted).

*Third*, as this Court previously explained to Plaintiff's counsel, Plaintiff must establish "by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Satya Jewelry II,* 2023 WL 3511123 at *2 (citations omitted). Plaintiff alleges that she satisfies this standard relying exclusively on cases involving different counsel making different allegations. *See* Opp. 12–16. When we consider instead the barebones allegations made by this Plaintiff's counsel in the First Amended Complaint, *Calcano* dictates dismissal.

In her Opposition, Plaintiff never cites or quotes the First Amended Complaint on her intent to return to the Katie May website: "Plaintiff intends to visit the Website in the near future if it is made accessible." FAC ¶ 47. Because this naked allegation is precisely what this and other courts have condemned, Plaintiff fails to satisfy the third standing requirement under *Calcano*. *See, e.g., Satya Jewelry II,* 2023 WL 3511123 at *3 ("In short, Mr. Rozenberg and Stein Saks had been told no fewer than four times before Mr. Rozenberg filed the instant complaint that his cookie-cutter approach to alleging standing was inadequate."); *see also Monegro v. Street Insider Dot Com Inc.*, 2022 WL 445797, *4 (S.D.N.Y. Feb. 11, 2022) ("Courts in this District have considered complaints identical to Plaintiff's submitted by the same law firm and found the same deficiencies this Court has identified.") (same Plaintiff's counsel) (citations omitted); Motion 11–12 (collecting cases involving same Plaintiff's counsel).

4

Plaintiff's declaration is too little, too late. She does not say yes to the dress, but only that she claims to be "still interested in reviewing and purchasing" the Ashun Dress in Black. Fernandez Dec. ¶ 15. Plaintiff, however, never answers the questions posed by this and other courts and raised in the motion to dismiss: why this dress instead of comparable products? why from this website as opposed to other available, accessible, sources? will it even fit in either XS or XL? *See* Motion 11–12 (collecting cases involving same Plaintiff's counsel raising similar questions). Concerning her alleged desire to sign up for a newsletter, Plaintiff does not identify any barriers to doing so. *See* Fernandez Dec. ¶ 15.

In considering the issue whether or not Plaintiff actually intends to return to the Website, Plaintiff misunderstands the thrust of the Second Circuit's observation that "we cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings." *Calcano,* 36 F.4th at 77. Plaintiff cites a number of cases (involving different plaintiffs and counsel) for the proposition that there is nothing inherently wrong about serial plaintiffs filing multiple, virtually identical, lawsuits, *see* Opp. 16–19, but that misses the point. Because talk is cheap, the Court properly can consider Plaintiff's counsel's 500 other cut-and-paste complaints, *Satya Jewelry II,* 2023 WL 3511123 at *2 n.3, making similar, if not identical, allegations in each of those lawsuits, when conducting the "highly fact-sensitive inquiry" whether Plaintiff actually does intend to return to the Website. *See Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015).

Finally, in this regard, Plaintiff does not disagree that "the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (quotation omitted). If the Court is not as convinced as Defendant that this case should be dismissed for lack of standing, it should conduct an evidentiary hearing to sort out the jurisdictional facts, or,

5

at a minimum, stay this case except for jurisdictional discovery. *See, e.g., Moo Organic Chocolates II*, 641 F. Supp. 3d at 83; *Brandy Library Lounge*, 2023 WL 8455896, at *6.

**Personal Jurisdiction.** Plaintiff's assertion that this Court, and indeed, apparently any court anywhere would have personal jurisdiction over a claim that Katie May's website is inaccessible cannot be reconciled with cited authority from the Second Circuit and uncited authority from the Supreme Court. Indeed, Plaintiff does not cite *any* authority from *any* court finding personal jurisdiction over an ADA website accessibility claim based on a defendant's sales of products to New York. *See* Opp. 19–23. Significantly, Plaintiff also does not question that Defendant has no presence in New York and does not direct its marketing, advertising, or website to New York. *See* Tucker Dec. ¶¶ 8–23.

Though Plaintiff cites *Best Van Lines, Inc. v. Walker,* 490 F.3d 239 (2d Cir. 2007) (Opp. 20), in her discussion of New York's long-arm statute, she fails to acknowledge, much less reckon with, the Court's observation that "it is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit." *Id.* at 250 (quotation omitted); *see also American Girl, LLC v. Zembrka*, 2021 WL 1699928, *6 (S.D.N.Y. Apr. 28, 2021) (collecting cases).

Plaintiff also cites *Chloé v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158 (2d Cir. 2010) (Opp. 19), but that is to seize the sword by the blade. Plaintiff quotes what is the missing link in this case—a single transaction may suffice under New York's long-arm statute "so long as the defendant's activities here were purposeful and there is a *substantial relationship between the transaction and the claim asserted*." *Id.* at 170 (emphasis added and citations omitted) (Opp. 19). Plaintiff does not—and cannot—dispute that Katie May's website is not directed at New York. *See* Tucker Dec. ¶¶ 16, 21–23. And there is no relationship, much less a substantial one, between Defendant's sales and Plaintiff's website claim. Plaintiff's legal theory amounts to bait-and-

6

switch—because Defendant sells a *de minimus* number of products that are shipped to New York, that opens Defendant up to lawsuits not about those shipped products, but about its website. *Cf.* Opp. 21 ("Were this a products liability case and Plaintiff was suing Defendant because it sold a defective product which caused Plaintiff harm, there would be no question that the long-arm statute applies."). The short answer is that this is not a products liability case. New York's long-arm statute does not reach Defendant.

Plaintiff's one-paragraph due process argument that relies entirely on an inapposite out-of-district case is constitutionally insufficient. *See* Opp. 23. This slender reed cannot be squared with uncited Supreme Court cases: "[t]he *plaintiff's claims*, we have often stated, *must* arise out of or relate to the *defendant's contacts* with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (emphasis added) (collecting cases); *see also Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017) ("[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue. … When there is no such connection, specific jurisdiction is lacking *regardless of the extent of a defendant's unconnected activities in the State.*") (emphasis added by Court). Thus, selling a few—or even many—dresses that are shipped to New York does not matter one whit if the claim is not about the dresses, but rather about Katie May's website. Plaintiff's unsupported alternative legal theory that a defendant can be sued in any state in the country where its website is visible if the defendant also sold even one product to someone else in that state, would eliminate personal jurisdiction as a defense. The Due Process Clause dictates otherwise.

**Failure to State a Claim.** If this Court has subject matter and personal jurisdiction, it should dismiss this case for failure to state a claim on three independent grounds that can be summarized succinctly.

*First*, Defendant contends that Plaintiff's claim of inaccessibility is contradicted by the actual webpage, which this Court can consider even on a Rule 12(b)(6) motion. *See* Motion 7, 18–19 (collecting cases). Plaintiff does not even respond to this argument. *See* Opp. 23–25.

*Second*, Defendant contends that Plaintiff's claim of inaccessibility is not ripe because she did not request and be denied a reasonable accommodation before filing suit. *See* Motion 19–21. Plaintiff does not deny that she failed to notify Defendant of her disability and seek a reasonable accommodation which Defendant unreasonably denied. *See* Opp. 24–25. Instead, she argues that she did not assert a reasonable accommodation claim, but instead asserted a disparate impact claim. *Id.* The First Amended Complaint says otherwise.

The FAC repeatedly refers to reasonable modifications and accommodations and the like. *See* FAC ¶¶ 5, 42, 61, 71, 79. In contrast, the FAC never refers to disparate impact or a facially neutral policy that has a disparate impact. Even if she made that assertion, it still would fail because there are no plausible allegations, much less proof, of any discriminatory motive. *See Skorupska v. 525 W. 52 Prop. Owner LLC*, 625 F. Supp. 3d 90, 109 (S.D.N.Y. 2022) ("Proof of discriminatory motive is critical.") (quoting *Brooklyn Ctr. for Psychotherapy, Inc.* v. *Philadelphia Indem. Ins. Co.*, 955 F.3d 305, 311 (2d Cir. 2020)) (other citation omitted). In other words, Plaintiff failed to state an ADA claim under either theory.

*Third*, Defendant contends that a website is not a place of public accommodation under the ADA. Motion 21–24. Plaintiff naturally relies upon this Court's "eloquent" conclusion to the contrary. Opp. 24 (cleaned up) (citing *Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365 (S.D.N.Y. 2022) (*Moo Organic Chocolates I*). Although we do not expect the Court to alter its view, until the Second Circuit or the Supreme Court resolves this issue, we continue to believe that the better approach is set forth in *Winegard v. Newsday*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021). In our view, websites are neither "places" nor "public accommodations."

8

**Conclusion.** Defendant respectfully requests that its motion to dismiss be granted.

Dated: August 20, 2024                                  Respectfully submitted,

Richard S. Mandaro
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016
(212) 336-8106 (direct)
(516) 650-1080 (cell)
rmandaro@arelaw.com

/s/ Peter J. Brann
Peter J. Brann
Hannah L. Wurgaft
Brann & Isaacson
113 Lisbon St., P.O. Box 3070
Lewiston, ME  04243-3070
(207) 786-3566 (general)
(207) 557-8881 (cell)
pbrann@brannlaw.com
hwurgaft@brannlaw.com

*Attorneys for Defendant*